UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BRIAN MORT JEFFERIES,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 4:16-CV-4078-KES<br><br>MEMORANDUM OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner, Brian Mort Jefferies, moves to correct his sentence because of a possible *Johnson* claim under 28 U.S.C. § 2255. Respondent, United States of America, opposes the motion and moves to dismiss Jefferies' motion. Docket 7. For the following reasons, the court denies Jefferies' petition.

## BACKGROUND

Jeffries entered a plea of guilty to one count of abusive sexual contact of a child. He was sentenced by Judge Andrew Bogue to 400 months in custody. Case No. 07-50103 (D.S.D.), docket 43. Jeffries appealed his sentence. The Eighth Circuit Court of Appeals found that the district court had improperly increased his guideline range when it applied an enhancement under U.S.S.G. section 4B1.5(a) for being a repeat and dangerous sex offender against minors. *United States v. Jeffries*, 569 F.3d 873, 877 (8th Cir. 2009). The judgment was reversed and the matter was remanded to the district court for resentencing. On September 28, 2009, after a hearing, the district court sentenced Jeffries to

360 months in custody. Case No. 07-50103 (D.S.D.), docket 75. This judgment was affirmed by the Eighth Circuit Court of Appeals. *Id.* at docket 87. On April 7, 2011, Jeffries filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. He was denied relief by the district court. Case No. 11-5033 (D.S.D.), docket 19. The district court decision denying habeas relief was affirmed by the Eighth Circuit Court of Appeals in *Jeffries v. United States*, 721 F.3d 1008 (8th Cir. 2013). On January 16, 2014, the district court entered an order correcting the spelling of Jeffries' name to Jefferies. Case No. 11-5033 (D.S.D.) at docket 47.

Jefferies now moves to correct his sentence because of a new rule of constitutional law that was announced by the United States Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015). By standing order of the Chief Judge for the District of South Dakota, the Federal Public Defender was appointed to represent Jefferies. The Federal Public Defender filed a notice of intent not to supplement Jefferies' pro se filing. (Docket 4). The United States now moves to dismiss Jefferies' motion to correct his sentence for failure to state a claim. (Docket 7).

## DISCUSSION

The United States contends that this court lacks jurisdiction over this matter because this is a second petition to vacate under 28 U.S.C. § 2255 and it has not been certified by a panel of the court of appeals under 28 U.S.C. § 2255(h). This court agrees. Under 28 U.S.C. § 2244(b)(3)(A), a second or successive application for habeas relief can only be filed in district court if it is

authorized by the court of appeals. Without authorization, the district court must dismiss the petition. 28 U.S.C. § 2244(b)(4). Because Jefferies previously filed a petition for habeas relief that was denied, he needs to obtain authorization from the Eighth Circuit Court of Appeals to file a second petition before this court can exercise jurisdiction over the matter. Thus, this petition is dismissed without prejudice.

## CERTIFICATE OF APPEALABILITY

When a district court denies a petitioner's § 2255 motion, the petitioner must first obtain a certificate of appealability before an appeal of that denial may be entertained. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). This certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(2). A "substantial §§showing" is one that demonstrates "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Stated differently, "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). The court finds that Jefferies has not made a substantial showing that his claim is debatable among reasonable jurists, that another court could resolve the issues raised in that claim differently, or that a question raised by that claim deserves further proceedings. Consequently, a certificate of appealability is denied.

## CONCLUSION

Jefferies did not obtain permission from the Eighth Circuit Court of Appeals to file a successive petition for relief under 28 U.S.C. § 2255. As a result, this court does not have jurisdiction to consider his petition and it is dismissed without prejudice. Thus, it is

ORDERED that Jefferies' Motion to Correct his sentence is denied (Docket 1).

IT IS FURTHER ORDERED that the United States' motion to dismiss (Docket 7 ) is granted.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

Dated August 17, 2016.

                                BY THE COURT:

                                /s/ *Karen E. Schreier*
                                KAREN E. SCHREIER
                                UNITED STATES DISTRICT JUDGE